# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                          Case No. 15-CR-117

**TOM HORTON**,

    Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

    The United States of America and the defendant, Tom Horton, who was represented by counsel, appeared before me for a change of plea colloquy pursuant to Fed. R. Crim. P. 11 on November 2, 2016. ECF No. 480. Mr. Horton consented to my conducting the change of plea colloquy, while the United States did not. I explained that it would be for the U.S. District Judge alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Pepper.

    After Mr. Horton was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing given that he had recent back surgery. Mr. Horton advised that he had not taken any pain medications prior to the hearing and that he was physically and mentally prepared to proceed. I then discussed in detail each of the subjects specified in Rule 11, including the rights he would surrender by entering a plea of guilty, the

maximum penalties associated with the charged offense, and the authority of the sentencing judge to disregard any recommendations in the plea agreement and to give Mr. Horton a maximum sentence.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the plea agreement. I found that there was an independent factual basis containing each of the essential elements of the offense charged, knowingly and intentionally using a communication facility in facilitating the commission of a drug trafficking crime. Mr. Horton advised that he was pleading guilty to the charged offense because he was, in fact, guilty and that the government could prove beyond a reasonable doubt that he was guilty of the charged offense. Finally, I found that, in responding to my questions, Mr. Horton was candid, lucid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Tom Horton's plea of guilty be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Horton be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation or prior to the Final Pretrial Conference, whichever is

earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2016.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge